Blanco Robles v. Barr

BIA
Straus, IJ
A094 777 026

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

NELSON BLANCO ROBLES, AKA
NELSON BLANCO,

> *Petitioner*,

> v.                                                              **18-3799**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

**FOR PETITIONER:**        Jon E. Jessen, Stamford, CT.

**FOR RESPONDENT:**        Joseph H. Hunt, Assistant Attorney General; Anthony C. Payne, Assistant Director; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Nelson Blanco Robles, a native and citizen of Honduras, seeks review of a November 27, 2018, decision of the BIA affirming a May 22, 2017, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Nelson Blanco Robles*, No. A094 777 026 (BIA Nov. 27, 2018), *aff'g* No. A094 777 026 (Immig. Ct. Hartford May 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our jurisdiction to review the agency's denial of cancellation of removal,

2

including its hardship determination, is limited to constitutional claims and questions of law, which we review de novo. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36 (2d Cir. 2008); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). When assessing jurisdiction, we "study the arguments asserted . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006); *see also Emokah v. Mukasey*, 523 F.3d 110, 119 (2d Cir. 2008). A question of law arises when the agency overlooks or mischaracterizes evidence or applies the wrong legal standard. *See Mendez v. Holder*, 566 F.3d 316, 322-23 (2d Cir. 2009); *Barco-Sandoval*, 516 F.3d at 39–40. Blanco Robles does not raise a "colorable" constitutional claim or question of law as required to invoke our jurisdiction. *Barco-Sandoval,* 516 F.3d at 36.

A nonpermanent resident, such as Blanco Robles, may be eligible for

cancellation of removal if he (1) "has been physically present in the United States for a continuous period of not less than 10 years," (2) "has been a person of good moral character during" those years, (3) has not been convicted of certain offenses, and (4) demonstrates that his "removal would result in exceptional and extremely unusual hardship" to his United States citizen or lawful permanent resident spouse, parent, or child. 8 U.S.C. § 1229b(b)(1). The agency denied relief solely on Blanco Robles's failure to show that his removal would cause the requisite hardship to his son, who was 19 years old at the time of the BIA's decision. Hardship is a high standard that requires a showing that the "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 321 (BIA 2002). The agency considers, among other evidence, "the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives," including how a lower standard of living, diminished educational opportunities, or adverse country conditions in the country of removal might affect the relatives. *In re Monreal-*

4

*Aguinaga*, 23 I. & N. Dec. at 63; *In re Andazola-Rivas*, 23 I. & N. Dec. at 323; *see also In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 468 (BIA 2002).

Blanco Robles broadly argues that the agency misapplied its hardship standards and precedent as articulated in *In re Monreal-Aguinaga*, *In re Gonzalez Recinas*, and *In re Andazola-Rivas*. The IJ and BIA, however, correctly applied agency precedent bearing on hardship when it stated that cancellation is available in only compelling cases. *See In re Andazola-Rivas*, 23 I. & N. Dec. at 322 (noting that exceptional and extremely unusual hardship is a "very high standard"). Blanco Robles's complaint that the agency's determination is "narrow" ultimately concerns the agency's balancing of factors, review of which is beyond our jurisdiction. *See Xiao Ji Chen*, 471 F.3d at 332.

Blanco Robles also argues that the agency failed to consider the evidence and testimony from his prior February 2012 hearing, the country conditions evidence, the financial difficulties his son Jonathan will experience upon Blanco Robles's removal, and the impact his removal will have on Jonathan if Blanco Robles resumes drinking after he is removed.

First, as the Government argues, Blanco Robles failed to exhaust his claim

5

that the IJ overlooked the evidence and testimony presented at his February 2012 hearing. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) (noting that "issues not raised to the BIA will not [usually] be examined by" this Court). Regardless, the IJ acknowledged the "findings from the last hearing" in his May 2017 decision. Blanco Robles also failed to exhaust his argument that the agency overlooked the fact that Jonathan will "no doubt" be affected if Blanco Robles were to start drinking again in Honduras. Moreover, he has identified no specific impact, and the BIA considered that Jonathan's behavior could worsen upon Blanco Robles's removal. As to country conditions, Blanco Robles testified that Jonathan would not accompany him to Honduras, and the IJ explicitly noted that it had reviewed the 2016 State Department Report for Honduras that Blanco Robles submitted. Finally, the IJ and BIA considered that Jonathan would experience economic difficulties upon Blanco Robles's removal but found that these financial struggles, even combined with other factors, did not rise to the level of "exceptional and extremely unusual" hardship for cancellation.

The agency's decision, absent any legal error such as overlooking material evidence or facts, is therefore a discretionary determination that we cannot review.

*See Mendez*, 566 F.3d at 322-23.   To the extent that Blanco Robles argues that the agency put too little weight on certain evidence, the weight the agency gives to the evidence and its balancing of factors is beyond our jurisdiction.   *See Barco-Sandoval*, 516 F.3d at 42.   The agency did not ignore material facts or commit legal error in denying cancellation, and Blanco Robles's arguments are "quarrels over the [exercise of discretion and the] correctness of the factual findings," over which we lack jurisdiction.   *Emokah*, 523 F.3d at 119.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7